UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZAKKIYYA CARTER,

Plaintiff,

v.                                                              26-CV-166 (JLS)

MARK J.F. SCHROEDER, *in his*
*official capacity as Commissioner of the*
*New York State Department of Motor*
*Vehicles,*

Defendant.

## DECISION AND ORDER

*Pro se* Plaintiff Zakkiyya Carter filed this action seeking relief under 42

U.S.C. § 1983 and under the Fourteenth Amendment to the United States

Constitution. *See* Dkt. 1 at 8–13 ¶¶ 50–74.[1] She also moved to proceed *in forma*

*pauperis* ("IFP"). Dkt. 2.

Because Carter meets the requirements of 28 U.S.C. § 1915(a), the Court

grants her permission to proceed IFP. The Court, therefore, screens Carter's

complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Carter's

Fourteenth Amendment procedural due process claim—seeking prospective

declaratory or injunctive relief against Defendant—may proceed to service and

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each
page.

Carter's claims for retrospective monetary relief are dismissed without leave to amend.

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statute

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selesky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss the complaint if the action is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must "accept all the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). And it must construe *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments they suggest." *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (citation omitted).

#### B.    Pleading Standard

When evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin*, 318 F.3d at 139; *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se*

complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient facts to support the claim. *See Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (concluding that district court properly dismissed a *pro se* complaint under Section 1915(e)(2) because the complaint did not meet the pleading standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't.*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth the same standard of review).

## C.    Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.

3

1993) ("Where it appears that granting leave to amend is unlikely to be productive [] . . . it is not an abuse of discretion to deny leave to amend.").

### D.    Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under the color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that official's personal involvement in the alleged constitutional violation; it is not enough to assert that the official is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is unavailable in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, at the screening stage, a plaintiff must plausibly allege "that [a] Government-official defendant, through the official's own individual actions [] . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. at 676).

4

## II.    Carter's Allegations

This case arises from the alleged deprivation of her driver's license following a chemical test refusal hearing. Dkt. 1 at 10 ¶¶ 58–67. Carter alleges she was driving on Fillmore Avenue in Buffalo, New York, toward her residence on Kensington Avenue. *Id.* at 3 ¶ 10. She further alleges she was pulled over by E-District Patrol Officer Mark Cyrek. *Id.* at 3–4 ¶¶ 12–14. Carter claims the officer initiated the stop for "unspecified traffic violations." *Id.* at 4 ¶ 15.

As a result of the traffic stop, Carter alleges she was charged with "chemical-test refusal under [VTL] § 1194(2)(f), DWI under VTL § 1192(3), refusal to submit to a breath test under VTL § 1194(1)(b), and other . . . violations." *Id.* at 4 ¶ 17. Carter further alleges she was charged with "chemical test refusal" even though she was willing to submit to breath testing and she was not read the refusal warnings as required under VTL § 1194(2)(f). *Id.* at 4–5 ¶¶ 18–20.

Following her criminal charges, Carter alleges the New York State Department of Motor Vehicles ("DMV") initiated a chemical-test refusal proceeding against her. *Id.* at 5 ¶ 24. The hearing was held on February 3, 2023, and Carter appeared with her assigned counsel. *Id.* at 5 ¶ 25. Carter alleges the hearing officer "repeatedly interrupted and curtailed [Carter's] counsel's efforts to develop the record, present material arguments based on the body-worn evidence and meaningfully cross-examine Officer Cyrek on whether the statutory warnings were given." *Id.* at 6 ¶ 29. Further, the hearing officer "permitted Officer Cyrek to recite the statutory warnings at the hearing and treated his ability to recite the language

as proof that the warnings had been given at the time of the stop." *Id.* at 6 ¶ 30. As a result, Carter alleges the hearing officer sustained the refusal determination and revoked Carter's driver's license. *Id.* at 6 ¶¶ 31, 37.

Carter additionally asserts that the parallel criminal charges were dismissed for lack of probable cause. *Id.* at 6 ¶ 33. She therefore contends that her driver's license was revoked despite the finding that probable cause was lacking to detain Carter in the first place. *Id.* at 7 ¶ 35.

Finally, Carter alleges she sought to appeal the refusal determination, but her assigned counsel withdrew. *Id.* at 7 ¶¶ 38–39. Carter asserts her replacement counsel refused to pursue an appeal and, consequently, Carter pursued the appeal on her own, but was unsuccessful. *Id.* at 8 ¶¶ 42–45. As a result, she alleges continued deprivation of her driver's license. *Id.* at 8 ¶ 46.

## III.    Analysis

### A.    Eleventh Amendment Immunity

Carter asserts a claim against one defendant, Mark J.F. Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles ("the Commissioner"). Dkt. 1 at 1, 8.

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a *damages* action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945)) (emphasis added). "This bar remains in effect when State officials are sued for damages in their official capacity." *Graham*, 473

6

U.S. at 169 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)).  However, "a suit for *injunctive relief* challenging the constitutionality of a state official's actions in enforcing state law" is permissible.  *Ford v. Reynolds*, 316 F.3d 351, 354–55 (2d Cir. 2003) (quoting *CSX Transp. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002)) (emphasis added); *see generally Ex parte Young*, 209 U.S. 123 (1908).  In determining whether this exception to Eleventh Amendment immunity applies, the Court must determine whether the complaint: (1) "alleges an ongoing violation of federal law," and (2) "seeks relief properly characterized as prospective."  *Ford*, 316 F.3d at 355.

### i.     Ongoing Violation of Federal Law

To decide whether there is an ongoing violation of federal law, the Court determines whether "the enforcement of the law amount[s] to a continuous violation of plaintiff's constitutional rights or a single act that continues to have negative consequences for the plaintiff."  *Brokamp v. James*, 573 F. Supp. 3d 696, 708 (N.D.N.Y. 2021) (quoting *Brown v. New York*, 975 F. Supp. 2d 209, 223 (N.D.N.Y. 2013)).  If the former is true, there is an ongoing violation; if the latter is true, the Eleventh Amendment will bar the plaintiff's claim.  *See Brokamp*, 573 F. Supp. 3d at 708.

Here, Carter alleges that the Commissioner continues to maintain and enforce the chemical test refusal finding despite the absence of due process.  *See* Dkt. 1 at 12 ¶¶ 72–73.  For screening purposes, the alleged enforcement of such a refusal finding, therefore, amounts to a continuous violation of Carter's

constitutionally protected property right in her driver's license.  Consequently, under the facts Carter alleges, there is an ongoing violation of federal law sufficient to survive screening.

### ii.    Prospective Relief

Next, the Court evaluates whether Carter seeks prospective relief. Prospective relief may be injunctive or declaratory.  *See Brokamp*, 573 F. Supp. 3d at 708 (holding that [1] a permanent injunction against applying New York state licensing requirements and [2] an order declaring New York's licensing law unconstitutional were both prospective forms of relief).

Here, Carter requests the following forms of relief: (1) an order directing the Commissioner to vacate the chemical-test refusal determination against Carter; (2) an order directing the defendant to remove all refusal-related entries, restrictions and consequences on Carter's DMV records and driving abstract; (3) reimbursement of any fees associated with the refusal determination; (4) an order barring the assessment or collection of such fees to the extent they flow from the unconstitutional refusal determination; and (5) an award to Carter for the costs of this action. Dkt. 1 at 13.  Requests (1), (2), and (4) are prospective because they are declaratory and/or injunctive requests.  Requests (3) and (5), however, are not prospective as they are for retrospective, monetary damages.  *See JTE Enterprises, Inc. v. Cuomo*, F. Supp. 3d 333, 341 (E.D.N.Y. 2014) (holding refund from the State is retrospective relief, not prospective relief).

Therefore—with respect to Carter's request directing the Commissioner to vacate the chemical-test refusal determination; directing the defendant to correct Carter's DMV records and driving abstract; and an order prohibiting further collection of fees—Eleventh Amendment immunity does not apply.  For all other forms of relief requested, Eleventh Amendment immunity prohibits such relief from being granted and, as such, those claims are dismissed without leave to amend.

**B.**    **Fourteenth Amendment Procedural Due Process Claim**

There are two elements to a procedural due process claim: "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dept.*, 692 F.3d 202, 218 (2d. Cir. 2012) (citing *Narumanchi v. Bd. of Trustees,* 850 F.2d 70, 72 (2d Cir. 1988)).

Carter alleges a protected property interest in her driver's license.  Dkt. 1 at 9 ¶ 52.  A driver's license is a constitutionally protected property interest that may not be revoked without procedural due process required by the Fourteenth Amendment.  *See Bell v. Burson,* 402 U.S. 535, 539 (1971); *Perry v. McDonald,* 280 F.3d 159, 174 (2d Cir. 2001); *Evans v. City of New York,* 308 F. Supp. 2d 316, 323 (S.D.N.Y. 2004); *Stoianoff v. Comm'r of Motor Vehicles,* 107 F. Supp. 2d 439 (S.D.N.Y. 2000) ("It is settled that a driver's license is a property interest protected by the Fourteenth Amendment's due process clause").  Procedural due process requires notice to the parties and an "opportunity to present their objections." *Weinstein v. Albright,* 261 F.3d 127, 134 (2d Cir. 2001) (quoting *Mullane v. Central*

*Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)). Such opportunity must be "meaningful" and "appropriate to the nature of the case." *See Bell*, 402 U.S. at 541–42.

Here, Carter alleges "she was not read the statutory refusal warnings required by VTL § 1194(2)(c) in clear and unequivocal language." Dkt. 1 at 10 ¶ 59. She also alleges that, at the refusal hearing, her counsel was repeatedly interrupted, limiting counsel's ability to present evidence and cross-examine witnesses. *Id.* at 11 ¶ 64. Nevertheless, she alleges her driver's license was revoked. Dkt. at 6–7 ¶ 31, 37. Based on these allegations, Carter makes a plausible claim that she was not given appropriate notice (via the warnings) or an opportunity to present her objections (at the refusal hearing) before she was deprived of her driver's license. Therefore, for screening purposes, she has a plausible claim that her driver's license was deprived without due process as required by the Fourteenth Amendment.

## C.    Defendant's Involvement

When asserting a Section 1983 claim, there is "no special rule for supervisory liability." *Tangreti*, 983 F.3d at 618. Rather, at the screening stage, a plaintiff must plausibly allege "that [a] Government-official defendant, through the official's own individual actions [] . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. 676). Further, there is no *Monell* liability for a State actor. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) ("we . . . limited our holding in *Monell*

'to local government units which are not considered part of the State for Eleventh Amendment purposes'") (citation modified).

While a "plaintiff cannot recover monetary damages against . . . [government official] defendants in their official or individual capacity, the Eleventh Amendment does not preclude suits against state officials acting in their official capacity that seek *prospective injunctive relief.*" *Branch v. Guadarrama*, No. 3:24CV536 (MPS), 2024 WL 1973494, at *2 (D. Conn. May 3, 2024) (citation modified) (emphasis added). When seeking prospective injunctive relief, a plaintiff need not prove personal involvement of the defendant. *See id.* Instead, "claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995); *see Will*, 491 U.S. at 71 n.10.

Because Carter names the Commissioner, a state actor, as the only defendant, she must allege that the Commissioner had "a direct connection" to, or "responsibility for," the alleged Fourteenth Amendment due process violation. *See Van Ever-Ford v. New York*, No. 13-CV-412, 2019 WL 1922065, at *12 (W.D.N.Y. Apr. 30, 2019). For screening purposes, Carter's allegations suffice.[2] Accordingly, Carter's claim for prospective relief against Defendant may proceed to service.

---

[2] Carter alleges ". . . Defendant continued to maintain and enforce the refusal finding based on the same officer's assertions, further demonstrating the arbitrary, unreliable, and fundamentally unfair nature of the procedures used to deprive Plaintiff of her protected property interest." Dkt. 1 at 12 ¶ 73.

11

## CONCLUSION

For the reasons above, Carter's Fourteenth Amendment procedural due process claim—seeking prospective declaratory or injunctive relief against Defendant—may proceed to service. However, Carter's claims for retrospective monetary relief are dismissed without leave to amend.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is GRANTED; it is further

ORDERED that Carter's Fourteenth Amendment procedural due process claim—seeking prospective declaratory or injunctive relief against Defendant—may proceed to service; and it is further

ORDERED that Carter's Fourteenth Amendment procedural due process claim—seeking retrospective monetary relief against Defendant—is dismissed without leave to amend; and it is further

ORDERED that the Clerk of Court shall file Plaintiff's papers and cause the United States Marshal to serve copies of the summons, complaint, and this order upon the named Defendant without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that Plaintiff must effect service within 90 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals at 716-

12

348-5300 whether service has been made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If, within 90 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Carter shall notify the Court in writing if her address changes. The Court may dismiss the action if Carter fails to do so.


SO ORDERED

Dated:      July 15, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE


13